DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Billy Ray Smith, appeals the decision of the Elyria Municipal Court, denying appellant's motion to correct the record or, in the alternative, to expunge the record and dismiss. This Court affirms.
 I.
In 1999, appellant discovered that the Elyria Municipal Court's criminal docket stated that he had been convicted of domestic violence in 1991. Appellant believed that the charge had been reduced to disorderly conduct. Therefore, appellant filed a motion to correct the record or, in the alternative, to expunge the record and dismiss. Specifically, appellant asserted that the clerk of court's office could not locate the original file and therefore, there was no signed entry journalizing his alleged conviction. However, the clerk's office did produce the Elyria Municipal Criminal Appearance Docket, which stated that on May 2, 1991, appellant pled no contest to the domestic violence charge and was found guilty. The docket also stated that appellant was sentenced to a $250.00 fine and six months in jail, which was suspended in lieu of counseling sessions, good behavior, and probation for one year. Despite the availability of the criminal appearance docket, appellant contended that this document could not replace a signed journal entry nor substantiate his conviction. The city of North Ridgeville, appellee, filed a motion in opposition arguing that appellant failed to proffer any evidence that the criminal appearance docket was erroneous. Appellant filed a reply to appellee's motion in opposition. The trial court denied appellant's motion to correct the record or, in the alternative, to expunge the record and dismiss. This appeal followed.
 II.
Appellant asserts one assignment of error.
 Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING THE MOTION OF THE DEFENDANT/APPELLANT TO CORRECT THE RECORD.
In his assignment of error, appellant avers that the trial court erred in denying the motion to correct the record. This Court disagrees.
In order for a trial court to correct a judicial record, the movant must show by clear and convincing evidence that the record contains mistakes. Gill v. Pelkey (1896), 54 Ohio St. 348, 365-66. Clear and convincing evidence is the level of proof greater than a "preponderance of the evidence," but less than the certainty of "beyond a reasonable doubt" as required by criminal cases. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469. It "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id. Additionally, an appellate court will not reverse a trial court's decision not to correct the record, which is based on reliable evidence, absent an abuse of discretion. Id. at 82. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Appellant did not dispute the domestic violence charge, rather, he disputed the conviction noted on the Elyria Municipal Court's criminal docket. Additionally, appellant argued that the clerk of court's failure to locate the signed journal entry illustrated that he had not been convicted of domestic violence, and that the criminal appearance docket was insufficient to substantiate his conviction. Despite appellant's contentions, he failed to proffer evidence that the criminal appearance docket contained incorrect information or that the clerk erroneously prepared the criminal appearance docket. Therefore, the trial court relied on the criminal appearance docket to deny appellant's motion. Moreover, the trial court stated that the criminal appearance docket was prepared in accordance with Crim.R. 55[1] and that it included all of the necessary items. This Court agrees.
Appellant failed to prove by clear and convincing evidence that the record contained mistakes. Therefore, this Court cannot state that the trial court abused its discretion in denying appellant's motion to correct the record. Accordingly, appellant's assignment of error is overruled.
 III.
The judgment of the Elyria Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR
[1] Crim.R. 55 provides: The clerk shall keep a criminal appearance docket. Upon the commencement of a criminal action the clerk shall assign each action a number. * * * Thereafter the clerk shall chronologically note in the appearance docket all: process issued and returns, pleas and motions, papers filed in the action, orders, verdicts and judgments.